**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

TOMMY LEE JONES,                                                    PETITIONER

v.                                                                          No. 2:07CV173-M-A

MARGARET BINGHAM, ET AL.                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Tommy Lee Jones for a writ

of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition. Jones has not

filed a traverse, and the deadline for doing so has expired. The matter is ripe for resolution. For

the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

**Facts and Procedural Posture**

Tommy Lee Jones is in the custody of the Mississippi Department of Corrections and is

currently housed the Central Mississippi Correctional Facility in Pearl, Mississippi. He was

convicted in the Circuit Court of Panola County, Mississippi, Second Judicial District of

statutory rape (Count I) and sexual battery (Count II). Jones was sentenced to serve fifteen years

on Count I with five years non-reporting post-release supervision – and twenty years on Count II,

to be served concurrently to the sentence in Count I in the custody of the Mississippi Department

of Corrections. State Court Record ("S.C.R"), Vol. 1, pp. 31-37.

Jones appealed his convictions and sentences to the Mississippi Supreme Court, citing as

error (as stated by the petitioner through counsel):

I.      The trial court erred by finding that the State had made a *prima facie* case
        of racial discrimination regarding the peremptory strikes exercised by the
        Defendant.

II.     The trial court erred by not making an explicit on-the-record finding
        regarding the race-neutrality of the reasons offered by the Defendant for
        those peremptory strikes.

III.    The trial court erred by finding that the reasons offered by the Defendant
        for his peremptory strikes were not racially neutral.

IV.     Even if the reasons offered by the Defendant were not racially neutral, the
        trial court erred by disallowing the Defendant his original peremptory
        burden to demonstrate pretext.

V.      The trial court erred by disallowing the Defendant to consider the entire
        jury panel for peremptory strikes, after the trial court had disallowed
        certain earlier strikes under *Georgia v. McCollum*.

After considering Jones' claims, the Mississippi Court of Appeals affirmed Petitioner's

convictions and sentences.  *Jones v. State*, 351 So.2d 568, *reh'g. denied* March 13, 2007 (Miss.

App. 2006) (Cause No. 2005-KA-00851-COA).

        Jones filed a petition for post-conviction collateral relief in the Mississippi Supreme

Court, raising the following grounds for relief (as stated by the petitioner *pro se*):

1.      By Mississippi Department of Human Services and Seventeenth Circuit
        Court District Panola County Second Judicial District, error.  Tommy Lee
        Jones was indic[t]ed and charged and senten[c]ed on inadmissible
        evidence.

2.      Ineffective assistance of court counsel, no investigation no pre-trial, no
        eyewitnesses, state witnesses base their statements on [hearsay].  Tommy
        Lee Jones, is not this Defendant['s] correct name, or correct address in the
        sentencing order.

3.      State prosecutor, (Ass[]t. District Attorney) Mr. Robert J. Kelly, transcript
        of Tommy Lee Jones, and testimony by State's witnesses and trial record
        will show that they were coach[ed] and told what to say.  So [w]as [the
        victim].

4.      By the preponderance of the evidence we will prove th[at] counsel for the defense did in fact act incompetent[ly] and was ineffective as counsel for the defendant, by the evidence and facts in this case, no charges should have been brought forth.

5.      By direct trial testimony, and medical evidence for the State could not prove that a male 50 [years] old or a 14[-to-]17[-year-]old had sex with any female or [the victim].  By judicial review of the grounds we request at this time for court, which erred[,] grant [that the] accused Mr. Jones['s] charges be reversed.

The Mississippi Supreme Court denied Jones relief, holding that, "After due consideration, the panel finds that the claims raised in the petition are without merit and that the petition should be denied."

Jones then filed the instant petition in the United States District Court for the Northern District of Mississippi, citing as error:

Ground One:  Whether or not the court erred because the State failed to make adequate finding of fact of proof of who committed this crime.

Ground Two:  Whether Tommie Jones suffered illegal sentence of twenty years; on inadmissible evidence, hearsay, assumed name, pure speculation and guesswork, with no possibility of early release.

Ground Three: Ineffective assistance of counsel.  (The following are Jones' allegations of ineffective assistance):

(a)      Failure to make pre-trial motions.

(b)      Failure to suppress any of the evidence obtained by the Mississippi Department of Human Services.

(c)      Failure to conduct a proper investigation.

(d)      Failure to object to voir dire.

(e)      Failure to request pre-trial discovery.

(f)      Trial counsel's comparison of notes with the prosecution.

Ground Four:  Inconsistent Statements.

## Procedural Bar

Jones' allegations in part of Ground 2 that the trial court erred in denying his motion to sever the multi-count indictment, in Ground 3(d) that trial counsel failed to object to voir dire, and in Ground 3(f) that trial counsel compared his notes with the prosecutor were never raised in the state court.  Jones did not present these claims to the state's highest court; as such, these claims are procedurally barred from federal review and shall be dismissed with prejudice.  *Sones v. Hargett*, 61 F.3d 410, 416 (5ᵗʰ Cir. 1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999) (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5ᵗʰ Cir. 2001).  Jones did not raise these grounds on appeal or during post-conviction relief, and, as such, he has waived state appellate review of these claims on the merits.  Therefore, Jones has defaulted these claims, and this court cannot now review them.  No external impediment prevented Jones from advancing these claims in state court.  As such, he has not shown "cause" under the "cause and prejudice" test, and the court cannot reach the merits of the claim despite the procedural bar.  *United States v. Flores*, 981 F.2d 231 (5ᵗʰ Cir. 1993).  As Jones has not shown cause for his default, the court need not consider whether he has shown prejudice.  *Martin v. Maxey*, 98 F.3d 844, 849 (5ᵗʰ Cir. 1996).

Finally, Jones has not shown that he is actually innocent of the crimes of his conviction. Thus, the court's decision not to consider the merits of these claims will not result in a

"fundamental miscarriage of justice" because Jones has not supported his allegations with new, reliable evidence that was not presented at trial; nor has he shown that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Therefore, the court shall dismiss these three claims under the doctrine of procedural default.

### Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered the remaining grounds on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the

exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to the remaining grounds for relief.

Nevertheless, under § 2254(d)(2) the remaining grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground One:  Verdict Against the Overwhelming Weight of the Evidence**

In Ground One, Jones challenges the weight of the evidence against him.  "A federal habeas court has no power to grant habeas relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."  *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed.2d 672 (1986).  The weight of the evidence is decided by the trial jury and, if found to be inadequate, the remedy is a new trial.  A federal court may, however, review a *habeas corpus* claim that the evidence was insufficient to sustain the verdict where the evidence, viewed in the light most favorable to the prosecution, is such that no rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307 (1979).  A petitioner may challenge the sufficiency of the evidence by a motion for directed verdict or a motion for *judgment non obstante veredicto* ("J.N.O.V.").  If either of these motions were granted, the case would be dismissed.  Jones did not, however, challenge the sufficiency of the evidence in this claim – only the weight.  Nor did he raise a claim regarding the sufficiency of the evidence in his petition for post-conviction collateral relief.  As such, this claim would be barred under *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995).  *See also Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  As such, the petitioner's claims in Ground 1 shall be dismissed for failure to state a constitutional claim.

**Ground Two:  Conviction Rested on Inadmissible Evidence,
Hearsay, Incorrect Name, and Pure Speculation and Guesswork**

In Ground 2, Jones argues that he received an illegal sentence based on inadmissable evidence, hearsay, pure speculation and guesswork.  Jones does not, however, specify what

evidence he is challenging. As "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding," these allegations shall be dismissed for failure to state a claim upon which relief could be granted. *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982) (collecting cases)." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Jones also alleges that his name is "Tommie Jones," rather than "Tommy Lee Jones." Even if true, this fact has no impact upon the legality of Jones' sentence, which is within statutory limits. MISS. CODE ANN. § 97-3-65(3)(c)[1] and 97-3-101((3).[2] For these reasons, the petitioner's claims in Ground 2 shall be dismissed.

### Ground Three: Ineffective Assistance of Counsel

Jones argues that trial counsel failed to make any pre-trial motions, conduct any investigation, or suppress the evidence obtained by the Department of Human Services ("DHS"). However, he fails to specify what motions should have been filed, what counsel should have investigated, or what evidence should have been suppressed. Similarly, Jones argues that counsel should have requested pre-trial discovery, but he does not state what information should have been requested. Again, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982) (collecting cases)." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

---

[1] This section reads in pertinent part:
(3) Upon conviction for statutory rape, the defendant shall be sentenced as follows:
. . .
(c) If eighteen (18) years of age or older and convicted under paragraph 1(b) of this section, to imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.

[2] This section states, "Every person who shall be convicted of sexual battery under Section 97-3-95(1)(d) who is eighteen (18) years of age or older shall be imprisoned for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years."

In addition, on page twelve of the instant petition, Jones raises several claims within Ground Three having little to do with ineffective assistance of counsel. First, Jones refers to the discussion of the jury instructions which took place in the judge's chambers – again, without specifying what part of the discussion might have constituted ineffective assistance of counsel – or why. Next, Jones alleges that the prosecutor was biased and misled the court, citing the state's opening statement. A review of the prosecution's opening statement, however, reveals nothing improper. S.C.R., Vol. 2, pp. 80-86. Finally, Jones makes references to inconsistent statements, which is the subject of Ground 4 (discussed below) and argues that the prosecution coached the victim and that the victim was lying. These allegations find no support in the record. S.C.R., Vol. 2, pp. 113-130.

### Ground Four:   Inconsistent Statements by Witnesses

In Ground 4, Jones alleges that the state's witnesses made inconsistent statements, citing to specific portions of the trial testimony in support of his claim. The court's review of the cited sections of the transcript did not reveal inconsistencies. In addition, inconsistent witness statements would affect only the credibility of the witness, and the determination of the credibility of witnesses is the sole province of the jury. These allegations therefore do not state a constitutional claim. As such, the state court's finding that the petitioner's claim in Ground 4 was meritless was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, this decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, the petitioner's request for *habeas corpus* relief in Ground 4 shall be denied.

In sum, all of the petitioner's claims are either procedurally barred or without merit and shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 2nd day of April, 2009.


/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI